**Lt. Colonel Frank T. RIVERA, Plaintiff,**

v.

**Hon. Gerald FORD, President of the United States of America and/or the Government of the United States of America, Defendants.**

**Civ. No. 76–321.**

United States District Court, D. Puerto Rico.

April 7, 1977.

José M. Herrero, Hato Rey, P. R., for plaintiff.

Julio Morales Sánchez, U. S. Atty., San Juan, P. R., for defendants.

## MEMORANDUM AND JUDGMENT ORDER

PESQUERA, District Judge.

There has been pending in the instant case for almost a year, a motion to dismiss filed by the defendants based on the ground that plaintiff has not exhausted available administrative remedies. Although the action is for a writ of mandamus and for injunctive relief, and in fact upon being filed, plaintiff requested the issuance of a temporary restraining order, after denial of such request plaintiff has shown no interest in prosecuting his action.

When on April 20, 1976 the case was called for the consolidated hearing for a preliminary and permanent injunction, plaintiff had not complied with the provision of the order to show cause issued on March 23, 1976 which called for the filing of a brief in support of his petition. Plaintiff justifiedly asked for a continuance of the scheduled hearing because he had just been served with copy of defendants' motion to dismiss and was not ready to discuss the same. However, the hearing was continued to June 24, 1976 and the parties were advised to be ready for trial on that date regardless of whether the pending motion to dismiss had been ruled upon or not. Plaintiff was further ordered to file an informative motion advising the Court whether he intended to prosecute his action in view of the expressed possibility that the action could be rendered moot as a result of pending administrative proceedings. Defendants were ordered to file their answer to the complaint within seven days after the filing by plaintiff of said informative motion. When the case was again called for trial on June 24, 1976 the same was once more continued at plaintiff's request. Since that date nothing else has transpired in this case. To this day, and in spite of the time that has elapsed, plaintiff has not informed the Court of his intention or desire to proceed with this case, and has filed no objections to defendants' motion to dismiss which is in effect a motion for summary judgment under the provisions of Rule 56 of the Federal Rules of Civil Procedure, since an affidavit and other documents were attached in support of the same.

■ Rule 56(e) F.R.C.P. provides that when a motion for summary judgment is filed supported with affidavits and/or other documents as provided in the rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but must show by affidavits or otherwise that

there is a genuine issue for trial; and if he does not so respond, summary judgment, if appropriate, shall be entered against him.

■ It appears from the affidavit of Richard V. Kearney, Acting General Counsel in the Office of the Secretary of the Army, and other documents that were filed by defendants in support of their motion to dismiss, and the pleadings in this case, that plaintiff has never filed an appeal with the General Counsel from the denial of his request for records under the provisions of the Freedom of Information Act, 5 USC 552. In fact, no allegations are made in the complaint concerning exhaustion of administrative remedies, therefore, the same fails to present any claim upon which relief can be granted. The complaint also fails to show that there is any genuine issue as to any material fact, and so, defendants are entitled to judgment as a matter of law. It further appears that the other remedy requested by plaintiff (his retention in this jurisdiction until final disposition of this case) became moot upon our denial of his request for a temporary restraining order.

For all of these reasons, and further for plaintiff's failure to prosecute, it is hereby ordered that summary judgment be entered by the Clerk dismissing plaintiff's action with prejudice but without imposition of costs.