**Robert P. OSBORNE, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE and Federal Bureau of Investigation, Defendants.**

**No. 84 Civ. 4988 (EW).**

United States District Court,
S.D. New York.

Oct. 31, 1984.

Robert P. Osborne, pro se.

Rudolph W. Giuliani, U.S. Atty. for S.D. of New York, New York City, for defendants (Amy Rothstein, Asst. U.S. Atty., New York City, of counsel).

OPINION

EDWARD WEINFELD, District Judge.

Upon plaintiff's initial application to the New York Office of the Federal Bureau of Investigation ("FBI") for disclosure of documents pertaining to him for the period February 1 to April 1, 1983, under the Freedom of Information Act ("FOIA")[1] and the Privacy Act of 1974,[2] the FBI, after a search pursuant to its established internal procedure, asserted that it had no records pertaining to plaintiff. The FBI and its codefendant, the United States Department of Justice, then moved for summary judgment pursuant to Fed.R.Civ.P. 56(b). As a result of information set forth in plaintiff's papers in opposition to the motion which indicated that a document had previously been furnished by the FBI to plaintiff's former attorney in connection with another proceeding, the FBI made a further search of its files and located a file containing documents that mentioned plaintiff. One such document, a record of plaintiff's interview with a special agent of the FBI, has been released to plaintiff but the balance of the material in the file has been withheld based upon the FOIA exemption for material related to a continuing investigation.[3] Defendants state that upon the conclusion of that investigation any new FOIA requests by plaintiff will be newly evaluated. Defendants assert that an inadvertent clerical error prevented them from locating the requested material until plaintiff provided further information which, as noted above, led to the location of the documents and the release of the one item referred to above.

The plaintiff opposes defendants' motion for summary judgment and cross-moves for summary judgment upon an allegation made in his complaint and now repeated

---

1. 5 U.S.C. § 552 (1983).

2. 5 U.S.C. § 552a (1983).

3. *See* 5 U.S.C. § 552(b)(7) (1983).

**16**

that defendants' initial statements that documents pertaining to plaintiff do not exist were false. However, plaintiff provides not the slightest evidential matter to support a claim that there still exist undisclosed documents pertaining to him other than those that the FBI recently acknowledged to have located. In the face of defendants' motion for summary judgment, supported by a sworn statement that the FBI conducted a new search of its files, located certain documents pertaining to plaintiff, and released one of them to him, plaintiff is required under Fed.R.Civ.P. 56(e) to set forth specific facts showing that there is a genuine issue of material fact for trial or face dismissal.[4] A party cannot rest on the allegations contained in his complaint in opposition to a properly supported summary judgment motion made against him.[5] In addition, if plaintiff now means to allege that the FBI has improperly claimed an FOIA exemption with regard to the documents it has located, then his proper course is to appeal the FBI's claim to the Attorney General.[6] Until plaintiff does so, he may not seek relief from the Court.[7]

Accordingly, defendants' motion for summary judgment is granted and plaintiff's cross-motion for summary judgment is denied.

So ordered.

---

4. *See Wyler v. United States,* 725 F.2d 156, 160 (2d Cir.1983).

5. *See First Nat'l Bank v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968).

6. 5 U.S.C. § 552(a)(6)(A) (1983); 28 C.F.R. § 16.7 (1983).

7. *See Rivera v. Ford,* 440 F.Supp. 732, 734 (D.P. R.1977); *Morpurgo v. Board of Higher Educ.,* 423 F.Supp. 704, 714 n. 26 (S.D.N.Y.1976).